**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **THERESA BALDERAS,** § | |
| **LEONARDO "LEO" BALDERAS, Jr.,** § | |
| **And JOSHUA BALDERAS** § | |
| **Plaintiffs** § | |
| § | |
| **VS.** § | |
| § | **CIVIL ACTION NO. 5:16-CV-239-OLG** |
| **SOUTHSIDE INDEPENDENT SCHOOL** § | |
| **DISTRICT, JULIAN DE LA ROSA** § | |
| **GONZALES, JOHNNY CANTU, JR,** § | |
| **MANUEL SANDOVAL, JR,** § | |
| **AND KENNETH BOULDIN, JR.,** § | |
| **INDIVIDUALLY AND IN THEIR OFFICIAL** § | |
| **CAPACITY AS MEMBERS OF THE BOARD** § | |
| **OF TRUSTEES** § | |
| **Defendants.** § | **JURY REQUESTED** |

**JOINT ADVISORY TO THE COURT REGARDING**
**DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFFS'**
**PROPOSED SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE U.S. DISTRICT JUDGE:

NOW COME all parties and pursuant to Court Order dated January 15, 2019 (Dkt. No. 106) file this Joint Advisory to the Court Regarding Defendants' Objections and Motion to Strike Plaintiffs' Proposed Summary Judgment Evidence. Pursuant to the Court's Order, the parties have conferred about Defendants' Objections (Dkt. No. 81, 82, 83) and Plaintiffs' summary judgment evidence. At said conference, the parties have agreed as follows:

*<u>Exhibit 1 (Dkt. No. 58-1, 62-1, 63-2) Affidavit of Theresa Balderas</u>*

1. Defendants originally objected (Dkt. No. 81) to paragraph 3 in this exhibit as not based on personal knowledge. Plaintiffs have agreed to refine this paragraph to exclude any testimony concerning the performance appraisals, job duties, performance, and work place conduct

of Leonardo and Joshua Balderas. Accordingly, Defendants withdraw their objections to paragraph 3.

2. Defendants originally objected to the allegations in paragraph 4 as not based on personal knowledge, hearsay, and improper legal conclusions. Plaintiffs have agreed to delete the last phrase in the paragraph "so, the Superintendent's status was a matter of public concern." They have further agreed to revise the allegations to indicate that Ms. Balderas' opines that factions or divisions in the community existed. Plaintiffs clarify that the "Exhibit 4" referenced in her affidavit is referencing "Exhibit 4" to her Response to Defendants' Motion for Summary Judgment. Thus, Plaintiffs have agreed to refine this paragraph as follows:

> "4. Southside ISD had school board elections in May 9, 2015. Prior to the elections, in the spring of 2015, in my opinion, controversy arose in the Southside ISD community over whether the Superintendent Richard Vela was qualified to serve as superintendent of the school district. In my opinion, this issue divided the community into two factions: those who supported Superintendent Vela (which included four incumbent board members who were up for re-election) and those community members who did not. In April of 2015, the San Antonio Express-News editorialized about how Superintendent issue had divided the community. Ex. 4."

The only remaining objection is to the hearsay statements of the newspaper articles referenced. Plaintiffs argue that the newspaper articles show there was division in the community and how Theresa became aware of those factions.

3. Defendants objected to the statements in paragraph 5 based on personal knowledge and hearsay. Plaintiffs have agreed to delete the sentence "SISD Board Member Loren Brewer, prior to the elections, informed Plaintiff Leo Balderas that Brewer had been told that the Gonzales faction was going to target the Balderas family if they won." Additionally, Plaintiffs have agreed to refine this paragraph as follows: "The school board election resulted in the loss of the four board members who, in my opinion, supported Superintendent Vela and the swearing-in on May 20,

2015 of a new school board political majority which, in my opinion, opposed him." As a result, Defendants withdraw their objections to Paragraph 5.

4. Defendants originally objected to paragraphs 6-9 as not based on Theresa Balderas's personal knowledge, and statement in paragraph 7 concerning other District employee promotions or salary as irrelevant to Plaintiffs' claims. Defendants further objected to Theresa Balderas's statements in paragraph 8 concerning her conclusory statements as to retaliation and the purported reasons for the alleged retaliation as not based on personal knowledge and improper legal conclusions. After conferring, Plaintiffs have agreed to revise Paragraphs 6-8 as follows:

> "6. After the election, in my opinion, a new political majority, hereafter referred to as the "Gonzales faction," comprised of Defendants Julian Gonzales, Johnny Cantu, Jr., Manuel Sandoval, Jr. and Kenneth Bouldin, Jr. and Board Member Daniel Espinoza (who has not been named as an individual defendant), took control of the SISD school board."
>
> "7. In my opinion, they set about on a campaign to reward those employees who were related to the new board majority and those who had openly supported their faction….."
>
> "8. …Because of this non-affiliation, in my opinion, the Gonzales faction sought to retaliate against me, my husband and my son. In my opinion, because of their actions, each of the individual board member Defendants is personally involved in the retaliation against me by virtue of their association with each other in the Gonzales faction."

As a result, Defendants withdraw their personal knowledge objections to these paragraphs. Defendants continue to assert their objections to the allegations in Paragraph 7 ("Specifically, Defendant Sandoval's girlfriend was given a promotion from maintenance clerk to Instruction & Technology secretary which resulted in a significant increase in pay from $25,000.00 per year to $42,000.00 per year. Defendant Bouldin's wife was rewarded by being given extra overtime when all other employees were informed that no one else would be granted overtime. Additionally, she was exclusively designated as the only bus driver for all out of district trips.") as irrelevant and not

based on Plaintiffs' personal knowledge.  Plaintiffs have not established how they have personal knowledge concerning other employees' pay or overtime.  Plaintiffs argue that this information should be in the public record.

5. Defendants objected to the statements in Paragraph 9 concerning what "Mr. Vela will testify" to and any purported settlement between the District and Mr. or Ms. Vela as not based on Ms. Balderas's personal knowledge and constituting hearsay.  Plaintiffs have agreed to delete the following phrases from Paragraph 9: "Mr. Vela will testify that 2 ½ months later, in September 2015, because the district did not have good cause to terminate his contract, the SISD entered into a settlement which paid him a lump sum of $210,000" and "Thus, it can be inferred from these facts that the Gonzales faction was willing to pay Mr. Vela and his wife $302,000 of SISD taxpayer money in order to install a superintendent who would accommodate their political agenda of patronage and retaliation."  As a result of these revisions, Defendants withdraw their objections to Paragraph 9.

6. Defendants objected to the last sentence in the first Paragraph 12 as not based on Ms. Balderas's personal knowledge and improper legal conclusions.  Plaintiffs agree to revise the last sentence as follows: "The notice was issued over a year before it became effective because, in my opinion, the demotion was meant to embarrass and humiliate me and make it clear to all school district employees and the Southside community that the entire Balderas family was going to be punished for failing to support the Gonzales faction."  As a result of this revision, Defendants withdraw their objections to paragraph 12.

7. Defendants objected to the last sentence of Paragraph 13 ("the unconstitutional actions taken") as an improper legal conclusion.  Plaintiffs have agreed to revise the objectionable phrase as follows: "13. …Instead, our grievances were not granted and therefore, pursuant to Board

Policy DGBA (Local), the actions taken by Dr. Gonzales were upheld and ratified…." As a result, Defendants withdraw their objection.

8. Defendants objected to Paragraph 14, which quoted newspaper articles and TEA announcements, as impermissible hearsay and hearsay within hearsay and not based on Ms. Balderas's personal knowledge. Plaintiffs have agreed to delete references to the newspaper articles. Thus, the paragraph now reads: "14. And, in November 2016, the TEA Special Investigations Unit issued a public report that found that, "There is a systemic breakdown in the Southside Independent School District (SISD) Board of Trustees' ability to govern and oversee the management of the public schools of the district as required by the Texas Education Code (Tex. Educ. Code 11.15(b))." Exh. 16, page 3. The Report further found that: "Members of the SISD Board of Trustees acted individually on behalf of the board in violation of the Tex. Code 11.051(a-1)." Exh. 16, page 3. As result, the Texas Commissioner of Education ordered that the Board of Trustees be dissolved because of the Board's extensive micro-management of the district and violations of the Texas Education code laws regarding board member roles and functions." The exhibits referenced are to Exhibit 16 of Plaintiffs' Response to Motion Summary Judgment. Defendants withdraw their objections to Paragraph 14.

### *Exhibit 2 (Dkt. No. 63-3, 66-1, 68-1 and 70-1) Affidavit of Leo Balderas*

9. Defendants originally objected to the allegations in paragraph 4 as not based on personal knowledge, hearsay, and improper legal conclusions. Plaintiffs have agreed to delete the last phrase in the paragraph "so, the Superintendent's status was a matter of public concern." They have further agreed to revise the allegations to indicate that Mr. Balderas opines that factions or divisions in the community existed. Plaintiffs clarify that the "Exhibit 4" referenced in his affidavit

is referencing "Exhibit 4" to his Response to Defendants' Motion for Summary Judgment. Thus, Plaintiffs have agreed to refine this paragraph as follows:

> "4. Southside ISD had school board elections in May 9, 2015. Prior to the elections, in the spring of 2015, in my opinion, controversy arose in the Southside ISD community over whether the Superintendent Richard Vela was qualified to serve as superintendent of the school district. In my opinion, this issue divided the community into two factions: those who supported Superintendent Vela (which included four incumbent board members who were up for re-election) and those community members who did not. In April of 2015, the San Antonio Express-News editorialized about how Superintendent issue had divided the community. Ex. 4."

The only remaining objection is to the hearsay statements of the newspaper articles referenced. Plaintiffs argue that the newspaper articles show there was division in the community and how Leonardo became aware of those factions.

10. Defendants objected to the statements in paragraph 5 based on personal knowledge and hearsay. Plaintiffs have agreed to delete the sentence "SISD Board Member Loren Brewer, prior to the elections, informed me that Brewer had been told that the Gonzales faction was going to target the Balderas family if they won." Additionally, Plaintiffs have agreed to refine this paragraph as follows: "The school board election resulted in the loss of the four board members who, in my opinion, supported Superintendent Vela and the swearing-in on May 20, 2015 of a new school board political majority which, in my opinion, opposed him." As a result, Defendants withdraw their objections to Paragraph 5.

11. Defendants originally objected to paragraphs 6-9 as not based on Leo Balderas's personal knowledge, and statement in paragraph 7 concerning other District employee promotions or salary as irrelevant to Plaintiffs' claims. Defendants further objected to Leo Balderas's statements in paragraph 8 concerning conclusory statements as to retaliation and the purported

reasons for the alleged retaliation as not based on personal knowledge and improper legal conclusions. After conferring, Plaintiffs have agreed to refine Paragraphs 6-8 as follows:

> "6. After the election, in my opinion, a new political majority, hereafter referred to as the "Gonzales faction," comprised of Defendants Julian Gonzales, Johnny Cantu, Jr., Manuel Sandoval, Jr. and Kenneth Bouldin, Jr. and Board Member Daniel Espinoza (who has not been named as an individual defendant), took control of the SISD school board."

> "7. In my opinion, they set about on a campaign to reward those employees who were related to the new board majority and those who had openly supported their faction….."

> "8. …Because of this non-affiliation, in my opinion, the Gonzales faction sought to retaliate against me, my wife, and my son. In my opinion, because of their actions, each of the individual board member Defendants is personally involved in the retaliation against me by virtue of their association with each other in the Gonzales faction."

As a result, Defendants withdraw their personal knowledge objections to these paragraphs. Defendants continue to assert their objections to the allegations in Paragraph 7 ("Specifically, Defendant Sandoval's girlfriend was given a promotion from maintenance clerk to Instruction & Technology secretary which resulted in a significant increase in pay from $25,000.00 per year to $42,000.00 per year. Defendant Bouldin's wife was rewarded by being given extra overtime when all other employees were informed that no one else would be granted overtime. Additionally, she was exclusively designated as the only bus driver for all out of district trips.") as irrelevant and not based on Plaintiffs' personal knowledge. Plaintiffs have not established how they have personal knowledge concerning other employees' pay or overtime. Plaintiffs argue that this information should be in the public record.

    12.     Regarding Paragraph 9, Defendants objected to the statements concerning Open Meetings Act as irrelevant to Plaintiffs' claims and lacking personal knowledge concerning meetings between other people. Plaintiff has agreed to revise the paragraph as follows:

> "9. On May 22, 2015, two days after being sworn in, the five board members who comprised the Gonzales faction, Defendants Gonzales, Cantu, Bouldin, Sandoval, and Board member Daniel Espinoza came to the district and directed that they be driven around the school district. They were driven around by Media Department Randy Escamilla. Then Superintendent directed me to follow them to see who they met with. They met with two Principals, John Orozco and Staci Weaver, at each of their campuses. The five board members then went to the bus barn and then to the SISD Police Chief's office."

Defendants accordingly withdraw their objections to Paragraph 9.

13. Defendants objected to the statements in Paragraph 10 ("The change to the graveyard shift was clearly designed to force me to quit," "after Richard Vela, Dr. Joe E. Gonzales, Dr. Bandy and Ms. Iglehart-Hammons wouldn't do it" and "thus accomplishing the coup that the Gonzales faction had announced…") as not based on his personal knowledge and improper conclusions. Plaintiffs agreed to revise the first phrase mentioned as follows: "In my opinion, the change to the graveyard shift was clearly designed to force me to quit." Plaintiffs agreed to delete the other two phrases. Thus, Defendants withdraw their objections to Paragraph 10.

14. Regarding Paragraph 11, Plaintiffs agree to revise the following phrase as follows "Instead, our grievances were not granted thereby ratifying the actions taken by Dr. Gonzales." Defendants withdraw their objections to Paragraph 11.

15. Regarding Paragraph 12 of Leo Balderas's affidavit, Plaintiffs have agreed to revise the paragraph as follows:

> "12. And, in November 2016, the TEA Special Investigations Unit issued a public report that found that, "There is a systemic breakdown in the Southside Independent School District (SISD) Board of Trustees' ability to govern and oversee the management of the public schools of the district as required by the Texas Education Code (Tex. Educ. Code ll.15(b))." Exh. 16, page 3. The Report further found that: "Members of the SISD Board of Trustees acted individually on behalf of the board in violation of the Tex. Code 11.051(a-1)." Exh. 16, page 3. As result, the Texas Commissioner of Education ordered that the Board of Trustees be dissolved because of the Board's extensive micro-management of the district and violations of the Texas Education code laws regarding board member roles and functions."

The exhibits referenced are to Exhibit 16 of Plaintiffs' Response to Motion Summary Judgment. Defendants withdraw their objections to Paragraph 12.

16. Defendants withdraw their objections to Paragraphs 13, 14, and 15. Plaintiffs have agreed to delete the last sentence of Paragraph 15 ("Ms. Fuery informed me that the secretary from Gallardo Elementary, Della Garza was the one she had asked about the literature and that Della told her that "it had to be Leo Balderas because he opened Gallardo Elementary Campus for the election that Saturday.")

17. Plaintiffs have agreed to revise the last sentence of Paragraph 16 to "And we security officers are informed to lock all UNLOCKED doors found, which there were always unlocked doors because, in my opinion, no accountability was ever enforced for doors being left unlocked over and over." Defendants withdraw their objections to Paragraph 16.

### *Exhibit 3 (Dkt. No. 63-4) Affidavit of Joshua Balderas*

18. Defendants withdraw their objections to Paragraph 2 of Joshua Balderas's affidavit.

19. Plaintiffs have agreed to revise the third sentence of Paragraph 7 as follows: "By September 2015, in my opinion, my entire family had a target on our backs and that is why I never would have engaged in such behavior." Defendants withdraw their objections to this paragraph.

20. Regarding paragraph 9, Plaintiffs agree to revise the last sentence of Paragraph 9 as follows:

> "9…In my opinion, it can be inferred from the facts that the reason that Defendants Bandy and Iglehart-Hammons took action against Plaintiff Joshua Balderas, which Joe E. Gonzales would not do, was to curry favor with the Gonzales faction for consideration when they applied for the full-time superintendent's position."

As a result, Defendants withdraw their objections to Paragraph 9.

## Exhibit 5 (Dkt. No. 63-12, 62-7, 58-8) Affidavit of Loren Brewer

21. Defendants objected to the allegations in paragraph 6 of Loren Brewer's affidavit as lacking personal knowledge and based on hearsay. Plaintiffs have agreed to revise this paragraph as follows:

> "6. In May of 2015, Southside ISD conducted school board elections. During that spring election season, in my opinion, division arose in the community regarding the superintendent, Richard Vela. Specifically, the community was divided, in my opinion, into those who supported the board members who felt that Mr. Vela and his administration were doing a good job and those who wanted Mr. Vela and all his supporters who worked at the district either terminated or removed. The issue was reported on extensively in the local newspaper, the San Antonio Express-News. The paper even wrote an editorial in which it openly supported the removal of Mr. Vela and supported the candidates that wanted him removed."

Defendants withdraw their personal knowledge objection. Defendants continue to assert their hearsay objections concerning matters asserted in newspaper articles.

22. Defendants continue to assert their objection to Mr. Brewer's statements in Paragraph 8 that the new Board members "voted a bloc" as "bloc" is vague and Brewer does not specify how or on what issues they purportedly voted on as a "bloc." Plaintiffs maintain that Mr. Brewer has testified he was a member of the Board in the time in question and personally observed how the Defendants voted.

23. Defendants withdraw their objections to Paragraph 9.

24. Defendants withdraw their objections to Paragraph 10.

25. Plaintiffs agree to revise the last sentence of Paragraph 12 as follows: "In my opinion, he continued to take action against any employee who had been associated with Superintendent Vela thereby continuing the Gonzales faction's plan to rid the district of all employees who did not support them." As a result, Defendants withdraw their objections to Paragraph 12.

### Exhibit 6 (Dkt. No. 63-13, 58-9, 62-8) Affidavit of Norberto Chavez

26. Plaintiffs agree to revise Paragraph 5 of Mr. Chavez' affidavit (Plaintiffs' Exhibit 6) as follows:

> "5. In May of 2015, Southside ISD conducted school board elections. During that spring election season, in my opinion, division arose in the community regarding the superintendent, Richard Vela. Specifically, the community was divided, in my opinion, into those who supported the board members who felt that Mr. Vela and his administration were doing a good job and those who wanted Mr. Vela and all his supporters who worked at the district either terminated or removed. The issue was reported on extensively in the local newspaper, the San Antonio Express-News. The paper even wrote an editorial in which it openly supported the removal of Mr. Vela and supported the candidates that wanted him removed."

Defendants withdraw their personal knowledge objections. Defendants continue to assert that the newspaper editorial is inadmissible hearsay.

27. In Paragraph 8, Plaintiffs agree to revise the last sentence to "In my opinion, all of the individuals listed by the board members were employees who supported Mr. Vela or were associated with him." Defendants withdraw their objections to Paragraph 8.

28. Defendants withdraw their objections to Paragraph 10. Plaintiffs indicate that the statements are not offered for the truth of the matters asserted but to show notice.

29. Defendants withdraw their objections to Paragraph 11. In paragraph 11, Plaintiffs agree to delete the sentence "Therefore, according to pattern and practice, he should have been given a reprimand at the most." Plaintiffs agreed to amend Paragraph 11 as follows:

> "11. Termination of an employee, especially one who had been employed by the District for 13 years, is not in my opinion an appropriate administrative action for this kind of violation is excessive. At the Board meeting where we were advised that Leo Balderas going to be terminated for handing out unapproved newspaper article regarding Donna ISD school board's actions, I specifically asked if he had violated any laws and I was told that he did not violate any laws. In my opinion, I don't believe that someone should be terminated if they didn't violate any laws and the violation of policy wasn't that serious. But the board

majority was determined that he needed to be fired. In my opinion, he should have been given a second chance, especially since he had worked for the district for 13 years and was a member of the Southside ISD community. ."

### *Exhibit 7 (Dkt. No. 63-14, 58-10, 62-9) Affidavit of Richard Vela*

30. Plaintiffs agree to revise paragraph 5 of Mr. Vela's affidavit as follows:

"5. In May of 2015, Southside ISD conducted school board elections. During that spring election season, in my opinion, division arose in the community regarding the superintendent, Richard Vela. Specifically, the community was divided, in my opinion, into those who supported the board members who felt that my administration and I were doing a good job and those who wanted me and all of supporters within the administration removed. The issue was reported on extensively in the local newspaper, the San Antonio Express-News and on Channel 4-WOAI. The paper even wrote an editorial in which it openly supported the removal of Mr. Vela and supported the candidates that wanted him removed."

Defendants withdraw their personal knowledge objection, but continue to object to the hearsay of the newspaper article.

31. Plaintiffs agree to delete all but the last sentence of Paragraph 7, leaving the sentence "I further directed Leo Balderas, the District's director of security to follow and record the board members' actions." Defendants therefore withdraw their objections to Paragraph 7.

32. Plaintiffs agree to delete all of Paragraph 8. Therefore, Defendants withdraw their objections to same.

33. Defendants withdraw their objections to Paragraph 9, and Plaintiffs agree to revise Paragraph 9 as follows:

"9. In September 2015, in my opinion, because the district did not have good cause to terminate my contract, SISD entered into a settlement which paid me a lump sum of $210,000.00. The Board also paid my wife, who was an administrator with the district, the sum of $92,000.00 to buy out her contract. The total of the buy-out was $302,000.00."

34. Defendants withdraw their objections to Paragraph 10, and Plaintiffs agrees to revise Paragraph 10 as follows:

> "10. In my experience during my two years as superintendent at the District, according to past pattern and practice of the SISD school board and the district's administration, Leo Balderas should not have been terminated for violating Board Policy GKDA regarding the distribution of materials at school district facilities. In my two years experience as superintendent, termination of an employee, especially one who had been employed by the District for 13 years, is not an appropriate administrative action for this kind of violation and is excessive. According past pattern and practice during my two years as superintendent, he should have been given a reprimand."

35. Defendants withdraw their objections to Paragraph 12, and Plaintiffs agrees to revise paragraph 12 as follows:

> "12. Board Policy GKB (Local) applies to the distribution of advertisements and promotional materials. In my opinion, it has nothing to do with the distribution of copies of newspaper articles."

***Exhibit 8 (Dkt. No. 58-11, 62-10, 63-15) Affidavit of Joe. E. Gonzales***

36. Plaintiffs agree to withdraw the Affidavit of Joe E. Gonzales.

***Exhibit 12 (Dkt. No. 61-2, 62-16, 63-20) Letter of settlement offer***

37. Defendants withdraw their objections to Plaintiff's Exhibit 12.

***Exhibit 13 (Dkt. No. 61-3, 62-17, 63-21) Affidavit of Larry Villarreal***

38. Defendants withdraw their objections to Exhibit 13.

***Exhibits 4, 14, 15, 16, 17, 19 (Dkt. No. 63-9, 63-10, 63-11, 63-22, 63-23, 63-24, 63-25, 63-27, 70-4) (Dkt. No. 62-4, 62-5, 62-6, 62-18, 62-19, 62-20, 62-21, 62-23, 68-4) (Dkt. No. 58-5, 58-6, 58-7, 61-4, 61-5, 61-6, 61-7, 61-9, 66-4)- newspaper articles and TEA report***

39. Plaintiffs agree to withdraw Exhibits 14, 15, 17, and 19. Defendants withdraw their objection to Exhibit 16 (TEA Report). Defendants continue to object to Exhibit 4 as inadmissible hearsay.

***Unknown exhibit numbers (Dkt. No. 63-18, 63-19) (Dkt. No. 58-14, 58-15, 61-1)***

40. Defendants withdraw their objections to Dkt. No. 63-18, 63-19, 58-14, 58-15, 61-1.

*REMAINING OBJECTIONS*

41. To summarize the above and clarify for the Court what objections remain, the parties agree that the following objections remain for the Court's ruling:

   a. Defendants object to the hearsay statements contained in the newspaper articles referenced in Paragraph 4 of Theresa Balderas's affidavit (Plaintiffs' Exhibit 1).

   b. Defendants object to the following portion of Paragraph 7 of Theresa Balderas's affidavit (Plaintiffs' Exhibit 1) as not based on personal knowledge and irrelevant: Paragraph 7 ("Specifically, Defendant Sandoval's girlfriend was given a promotion from maintenance clerk to Instruction & Technology secretary which resulted in a significant increase in pay from $25,000.00 per year to $42,000.00 per year. Defendant Bouldin's wife was rewarded by being given extra overtime when all other employees were informed that no one else would be granted overtime. Additionally, she was exclusively designated as the only bus driver for all out of district trips.")

   c. Defendants object to the hearsay statements contained in the newspaper articles referenced in Paragraph 4 of Leonardo Balderas's Affidavit (Plaintiffs' Exhibit 2).

   d. Defendants object to the following allegations in Paragraph 7 of Leo Balderas's affidavit ("Specifically, Defendant Sandoval's girlfriend was given a promotion from maintenance clerk to Instruction & Technology secretary which resulted in a significant increase in pay from $25,000.00 per year to $42,000.00 per year. Defendant Bouldin's wife was rewarded by being given extra overtime when

all other employees were informed that no one else would be granted overtime. Additionally, she was exclusively designated as the only bus driver for all out of district trips.") as irrelevant and not based on Plaintiffs' personal knowledge.

e. Defendants object to the portions of Paragraph 6 referencing statements from newspaper articles in Loren Brewer's Affidavit (Plaintiffs' Exhibit 5) as inadmissible hearsay.

f. Defendants object to the phrase "voted as a bloc" in paragraph 8 of Loren Brewer's affidavit (Plaintiffs' Exhibit 5) as vague – no "bloc" is identified or what issues they purportedly voted as a bloc.

g. Defendants object to the newspaper articles in Norberto Chavez' Affidavit (Plaintiffs' Exhibit 6) as inadmissible hearsay.

h. Defendants object to the statements contained in the quoted newspaper articles in paragraph 5 of Richard Vela's Affidavit (Exhibit 7) as inadmissible hearsay.

i. Defendants continue to object to Plaintiffs' Exhibit 4 (newspaper articles) as inadmissible hearsay.

Respectfully submitted,

By: */s/ D. Craig Wood*
D. Craig Wood
Attorney-in-Charge
State Bar No. 21888700
cwood@wabsa.com
Jameson C. Baker
State Bar No. 24077904
jbaker@wabsa.com

**WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
TEL. NO.: (210) 979-6633
FAX NO.: (210) 979-7024

ATTORNEYS FOR DEFENDANTS


*/s/ Gustavo L. Acevedo, Jr.*
Gustavo L. Acevedo, Jr.
State Bar No. 00829805
814 Del Oro Lane
Pharr, Texas 78577
TEL NO.: (956) 787-4441
FAX NO.: (956) 787-4499
E-mail: glacevedo@aol.com

Rolando Rios
Rolando L. Rios & Associates, PLLC
State Bar No. 16935900
115 East Travis Street, Suite 1645
San Antonio, Texas 78205
TEL NO.: (210) 222-2102
FAX NO: (210) 222-2898
E-mail: RRios@RolandoRiosLaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22 day of January 2019, a true and correct copy of the foregoing Joint Advisory To The Court Regarding Defendants' Objections And Motion To Strike Plaintiffs' Proposed Summary Judgment Evidence was electronically filed with the Clerk of the Court using the CM/ECF system and notification of such filing will be electronically sent to:

Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

Rolando Rios
Rolando L. Rios & Associates, PLLC
115 East Travis Street, Suite 1645
San Antonio, Texas 78205

/s/ *D. Craig Wood*
D. CRAIG WOOD